No. 25-1138

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

STATE OF NEW YORK, et al.,

Plaintiffs-Appellees,

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS
PRESIDENT OF THE UNITED STATES, et al.,

Defendants-Appellants.

On Appeal from the United States District Court
for the District of Rhode Island (No. 1:25-cv-00039)
The Honorable John J. McConnell, Jr.

**PLAINTIFF STATES' OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE STAY PENDING APPEAL**

The Court should deny defendants' motion for an administrative stay of the district court's temporary restraining order ("TRO") pending appeal. Plaintiff States will expeditiously respond to defendants' motion for a stay pending appeal, but provide this preliminary response to explain why an administrative stay pending briefing on that motion is not warranted.

*First*, defendants failed to meaningfully comply with Rule 8(a)(1), which requires a movant to "move first in the district court" for a stay pending appeal or explain why doing so is not practicable. Fed. R. App. P. 8(a)(1). Although defendants sought a stay pending appeal from the district court approximately two hours before filing their motion with this Court, ECF No. 100, they gave the district court no opportunity to consider or resolve that motion before seeking the same relief here. That alone warrants rejection of defendants' request for an administrative stay (or, at minimum, denial without prejudice to renewal after the district court resolves that motion). *See Agaduth Israel of Am. v. Cuomo*, 980 F.3d 222, 225 (2d Cir. 2020) ("deny[ing]" motion for emergency relief pending appeal "for these procedural reasons").

*Second*, the Court lacks appellate jurisdiction over defendants' appeal. "[T]he grant of a TRO generally is not appealable." *Almeida-Leon v. WM Cap. Mgmt., Inc.*, No. 20-2089, 2024 WL 2904077, at *4 (1st Cir. June 10, 2024); *accord Calvary Chapel of Bangor v. Mills*, 984 F.3d 21, 27 (1st Cir. 2020). Although there is an exception to that rule where a TRO is "an injunction masquerading as a TRO," *Almeida-Leon*, 2024

WL 2904077, at *4, that is not the case here. Rather, the district court entered a TRO less than 14 days ago—on January 31—and promptly entered an expedited briefing schedule on Plaintiff States' motion for a preliminary injunction, under which that motion will be fully briefed by Friday, February 14, with a hearing scheduled for Friday, February 21. Feb. 3, 2025 Minute Order. Consistent with Rule 65(b)(2), the district court also expressly found that good cause warranted a short extension of the TRO while the parties briefed the preliminary-injunction motion, explaining that "the complexity of the issues involved, the number of parties, and the need to maintain the status quo" warranted such an extension "while this matter is being expeditiously litigated." Feb. 6, 2025 Minute Order.

The record thus establishes that the TRO is a "temporary and short" order imposed while a request for preliminary relief is briefed, and not in any way "an injunction masquerading as a TRO." *Almeida-Leon*, 2024 WL 2904077, at *4. And the TRO's express purpose is to "maintain the status quo while this matter is expeditiously litigated," Feb. 6, 2025 Minute Order, not to impose durable relief in the form of an injunction. As this Court has explained, a TRO entered under such

3

circumstances, in compliance with Rule 65(b)(2) and entered to permit the court to resolve a pending motion for a preliminary injunction, is not appealable. *See Almeida-Leon*, 2024 WL 2904077, at *5 (finding no appellate jurisdiction over such a TRO); *compare, e.g.*, *Societe Generale de Surveillance, S.A. v. Raytheon Eur. Mgmt. & Sys. Co.*, 643 F.2d 863, 865 n.2 (1st Cir. 1981) (finding appellate jurisdiction in appeal from TRO in place "for more than a year").

Defendants' arguments, Mot. 17-19, lack merit. Defendants' arguments rest primarily on the notion that the TRO is "'potentially unlimited'" in duration, Mot. 18 (quoting *Sampson v. Murray*, 415 U.S. 61, 87 (1974)), but the record belies that characterization: The TRO is only ten days old, well within the initial 14-day period described in Rule 65(b), and the district court is swiftly proceeding to resolve the pending preliminary-injunction motion. *Supra* pp. 2-3. Defendants are thus wrong that this is a case in which their interests can be protected "only . . . by means of an immediate appeal," *Calvary Chapel*, 984 F.3d at 27; to the contrary, the district court has given every indication that it will promptly grant or deny plaintiffs' preliminary-injunction motion, and that decision will plainly be appealable. The Court should not enter the

4

extraordinarily relief of the administrative stay—which would upend the status quo before the parties have an opportunity to brief and the Court has an opportunity to consider defendants' underlying stay motion—in an appeal in which, at minimum, there is serious doubt as to its jurisdiction. *See, e.g.*, *Office of Personnel Mgmt. v. Am. Fed'n of Gov't Employees, AFL-CIO*, 473 U.S. 1301, 1306 (1985) (Burger, C.J., in chambers) ("[S]ince the Court of Appeals was without jurisdiction over the appeal from the District Court's order denying the temporary restraining order, the motions panel was necessarily without authority to grant such a stay.").[1]

*Finally*, the equities tilt profoundly against the entry of an administrative stay. *See United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring) ("[T]he choice to issue an administrative stay reflects a first-blush judgment about the relative consequences of

---

[1] Defendants make a passing request, in the alternative, for the Court to consider their motion as a petition for a writ of mandamus. Mot. 19. But only "'exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion, will justify the invocation of this extraordinary remedy.'" *Da Graca v. Souza*, 991 F.3d 60, 64 (1st Cir. 2021) (quoting *Cheney v. U.S. District Court*, 542 U.S. 367, 380 (2004)). Defendants make no serious attempt to show that this standard is met here, and no administrative stay is warranted based on their gesture at this alternative route to appellate review.

5

staying the lower court judgment versus allowing it go to into effect."). This case challenges defendants' implementation of a policy imposing across-the-board blanket freezes on payments to all recipients of federal funding associated with nearly all federal programs across the Nation, ranging from (for example) healthcare funding to education funding to critical energy and infrastructure grants—a policy that had severe and destabilizing consequences for Plaintiff States and their residents. As the district court found, the freeze has caused "severe disruption" in Plaintiff States' "ability to administer . . . vital services." ECF No. 50 ("TRO") at 7-8. As the district court explained, defendants' across-the-board funding freeze—imposed irrespective of and without reference to the statutory, regulatory, and contractual terms governing the disbursement of such funds—impacted everything "from highway planning and construction, [to] childcare, veteran nursing care funding, special education grants, and state health departments." *Id.* at 8. If the Court were to issue an administrative stay, defendants would immediately be free to resume this sweeping and illegal policy, harming Plaintiff States and the many recipients of federal funding that reside within their jurisdictions.

By contrast, defendants cannot show that the district court's TRO is causing any extraordinary impediment to their operations that would warrant the effective dissolution of that order. For one, defendants have never denied that they will immediately reimpose the across-the-board blanket funding freezes if the TRO is lifted. Nor have defendants ever attempted to justify their across-the-board funding freeze by reference to a specific statutory or regulatory authority. *See id.* at 5 ("The Executive cites no legal authority allowing it to . . . unilaterally suspend[] the payment of federal funds to the States and others simply by choosing to do so, no matter the authorizing or appropriating statute, the regulatory regime, or the terms of the grant itself."). It would be remarkable to allow defendants to resume conduct they have never attempted to legally justify under the rubric of an "administrative stay."

Defendants contend that the TRO "intrudes deeply into the prerogatives of the Executive Branch," Mot. 10, but that claim is badly flawed. The "rule of law," *id.*, does not permit federal agencies to impose blanket freezes of funds on policy grounds without regard to whether they have any authority to do so under the applicable statutes and grant terms and where, indeed, Congress has required those funds

7

to be spent, as the district court correctly explained. TRO at 4-6; *see In re Aiken Cnty.*, 725 F.3d 225, 261 n.1 (D.C. Cir. 2013) (Kavanaugh, J.).

Defendants' contention that the TRO requires them to "expend taxpayer dollars without regard to its normal processes for ensuring compliance with applicable laws and regulations," Mot. 10, cannot be squared with the TRO itself, which expressly permits defendants to limit access to funds "on the basis of the applicable authorizing statutes, regulations, and terms," TRO at 12. Defendants appear to interpret various phrases in the district court's February 10, 2025, order, ECF No. 96, as contradicting this express language in the TRO. *See* Mot. 10 (suggesting that language directing defendants to "restore frozen funding" "apparently" applied "without regard to whether the agencies have discretion" to do so consistent with applicable law). But that interpretation of today's order is contrary to the plain language of the TRO, as discussed, *see* TRO at 12, and it would make no sense. Plaintiff States have never sought to have defendants *disregard* federal funding law; to the contrary, we have consistently sought to ensure that defendants *abide* by federal funding law, as they did for decades before the funding freeze. *See Dep't of Homeland Sec. v. Regents of the Univ. of*

8

*Cal.*, 591 U.S. 1, 24 (2020) ("[P]articularly when so much is at stake, . . . the Government should turn square corners in dealing with the people." (cleaned up)). To the extent the Court identifies any ambiguity in the February 10, 2025 order, the Court should clarify that the TRO does not stop defendants from limiting access to funds without any "preclearance" from the district court, Mot. 1, "on the basis of the applicable authorizing statutes, regulations, and terms," as the TRO states, TRO at 12.

\* \* \*

The Court should deny defendants' request for an administrative stay and set a briefing schedule on defendants' motion for a stay pending appeal. Plaintiff States propose filing a response on or before Friday, February 14, 2025, and permitting defendants to file any reply on or before Wednesday, February 19, 2025, but are prepared to meet any schedule set by the Court.

## CONCLUSION

The Court should deny defendants' request for an administrative stay pending briefing on their motion for a stay pending appeal.

9

Respectfully submitted,

| | |
|---|---|
| **PETER F. NERONHA** | **LETITIA JAMES** |
| Attorney General | Attorney General |
| State of Rhode Island | State of New York |

/s/ Kathryn M. Sabatini
Kathryn M. Sabatini
*Civil Division Chief*
*Special Assistant*
  *Attorney General*
Sarah W. Rice
*Deputy Chief, Public Protection*
  *Bureau*
*Assistant Attorney General*
Leonard Giarrano IV
*Special Assistant Attorney*
  *General*
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2054
ksabatini@riag.ri.gov
srice@riag.ri.gov
lgiarrano@riag.ri.gov

/s/ Rabia Muqaddam
Rabia Muqaddam
*Special Counsel for Federal*
  *Initiatives*
Michael J. Myers
*Senior Counsel*
Molly Thomas-Jensen
*Special Counsel*
Colleen Faherty
*Special Trial Counsel*
Zoe Levine
*Special Counsel for Immigrant*
  *Justice*
28 Liberty St.
New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov
michael.myers@ag.ny.gov
molly.thomas-jensen@ag.ny.gov
colleen.faherty@ag.ny.gov
zoe.levine@ag.ny.gov

**ROB BONTA**
Attorney General
State of California

/s/ Laura L. Faer
Laura L. Faer
Christine Chuang
*Supervising Deputy Attorneys*
  *General*
Nicholas Green

**KWAME RAOUL**
Attorney General
State of Illinois

/s/ Alex Hemmer
Alex Hemmer
*Deputy Solicitor General*
115 S. La Salle St.
Chicago, IL 60603
(312) 814-5526

Carly Munson
Kenneth Sugarman
Christopher J. Kissel
Lara Haddad
Theodore McCombs
*Deputy Attorneys General*
1515 Clay St.
Oakland, CA 94612
(510) 879-3304
Laura.Faer@doj.ca.gov
Christine.Chuang@doj.ca.gov
Nicholas.Green@doj.ca.gov
Carly.Munson@doj.ca.gov
Christopher.Kissel@doj.ca.gov
Lara.Haddad@doj.ca.gov
Theodore.McCombs@doj.ca.gov
Kenneth.Sugarman@doj.ca.gov

alex.hemmer@ilag.gov

**ANDREA JOY CAMPBELL**
Attorney General
Commonwealth of Massachusetts

/s/ Katherine B. Dirks
Katherine B. Dirks
*Deputy Chief, Government Bureau*
Turner Smith
*Deputy Chief, Energy and Environment Bureau*
Anna Lumelsky
*Deputy State Solicitor*
1 Ashburton Pl.
Boston, MA  02108
(617) 963-2277
katherine.dirks@mass.gov
turner.smith@mass.gov
anna.lumelsky@mass.gov

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

/s/ Angela Cai
Angela Cai
*Executive Assistant Attorney General*
Jeremy M. Feigenbaum
*Solicitor General*
Shankar Duraiswamy
*Deputy Solicitor General*
25 Market St.
Trenton, NJ 08625
(609) 376-3377
Angela.Cai@njoag.gov
Jeremy.Feigenbaum@njoag.gov
Shankar.Duraiswamy@njoag.gov

**KRISTEN K. MAYES**
Attorney General
State of Arizona

/s/ Joshua D. Bendor
Joshua D. Bendor
*Solicitor General*
Nathan Arrowsmith
2005 North Central Avenue
Phoenix, Arizona 85004
(602) 542-3333
Joshua.Bendor@azag.gov
Nathan.Arroswmith@azag.gov

**PHILIP J. WEISER**
Attorney General
State of Colorado

/s/ Shannon Stevenson
Shannon Stevenson
*Solicitor General*
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
(720) 508-6000
shannon.stevenson@coag.gov

**BRIAN L. SCHWALB**
Attorney General
District of Columbia

/s/ Andrew Mendrala
Andrew Mendrala
*Assistant Attorney General*
*Public Advocacy Division*
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW

**WILLIAM TONG**
Attorney General
State of Connecticut

/s/ Michael K. Skold
Michael K. Skold
*Solicitor General*
Jill Lacedonia
165 Capitol Ave.
Hartford, CT 06106
(860) 808-5020
michael.skold@ct.gov
jill.lacedonia@ct.gov

**KATHLEEN JENNINGS**
Attorney General
State of Delaware

/s/ Vanessa L. Kassab
Vanessa L. Kassab
*Deputy Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8413
vanessa.kassab@delaware.gov

**ANNE E. LOPEZ**
Attorney General
State of Hawaiʻi

/s/ Kalikoʻonālani D. Fernandes
David D. Day
*Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes
*Solicitor General*
425 Queen Street

Washington, DC 20001
(202) 724-9726
Andrew.Mendrala@dc.gov

Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

**AARON M. FREY**
Attorney General
State of Maine

/s/ Jason Anton
Jason Anton
*Assistant Attorney General*
Maine Office of the Attorney General
6 State House Station
Augusta, ME 04333
207-626-8800
jason.anton@maine.gov

**ANTHONY G. BROWN**
Attorney General
State of Maryland

/s/ Adam D. Kirschner
Adam D. Kirschner
*Senior Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6424
AKirschner@oag.state.md.us

**DANA NESSEL**
Attorney General
State of Michigan

/s/ Linus Banghart-Linn
Linus Banghart-Linn
*Chief Legal Counsel*
Neil Giovanatti
*Assistant Attorney General*
Michigan Department of Attorney General
525 W. Ottawa St.
Lansing, MI 48933
(517) 281-6677
Banghart-LinnL@michigan.gov
GiovanattiN@michigan.gov

**KEITH ELLISON**
Attorney General
State of Minnesota

/s/ Liz Kramer
Liz Kramer
*Solicitor General*
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 757-1010
Liz.Kramer@ag.state.mn.us

**AARON D. FORD**
Attorney General

**RAÚL TORREZ**
Attorney General

State of Nevada

/s/ Heidi Parry Stern
Heidi Parry Stern
*Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
(702) 486-5708
HStern@ag.nv.gov

**JEFF JACKSON**
Attorney General
State of North Carolina

/s/ Daniel P. Mosteller
Daniel P. Mosteller
*Associate Deputy Attorney General*
PO Box 629
Raleigh, NC 27602
919-716-6026
Dmosteller@ncdoj.gov

**CHARITY R. CLARK**
Attorney General
State of Vermont

/s/ Jonathan T. Rose
Jonathan T. Rose
*Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 793-1646
Jonathan.rose@vermont.gov

State of New Mexico

/s/ Anjana Samant
Anjana Samant
*Deputy Counsel*
N.M. Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
505-270-4332
asamant@nmdoj.gov

**DAN RAYFIELD**
Attorney General
State of Oregon

/s/ Christina Beatty-Walters
Christina Beatty-Walters
*Senior Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
(971) 673-1880
Tina.BeattyWalters@doj.oregon.gov

**NICHOLAS W. BROWN**
Attorney General
State of Washington

/s/ Andrew Hughes
Andrew Hughes
*Assistant Attorney General*
Leah Brown
*Assistant Attorney General*
Office of the Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

andrew.hughes@atg.wa.gov
leah.brown@atg.wa.gov

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

<u>/s/ Aaron J. Bibb</u>
Aaron J. Bibb
*Assistant Attorney General*
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0810
BibbAJ@doj.state.wi.us

February 11, 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the response contains 1,711 words. The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word 365 in proportionally spaced 14-point Century Schoolbook typeface.

/s/ Alex Hemmer
ALEX HEMMER

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2025, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ Alex Hemmer<br>
ALEX HEMMER