# No. 25-1138

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

STATE OF NEW YORK, et al.,

*Plaintiffs-Appellees*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the District of Rhode Island

# REPLY IN SUPPORT OF EMERGENCY MOTION FOR IMMEDIATE ADMINISTRATIVE STAY AND STAY PENDING APPEAL

BRETT A. SHUMATE
  *Acting Assistant Attorney General*

ZACHARY A. CUNHA
  *United States Attorney*

ERIC D. McARTHUR
  *Deputy Assistant Attorney General*

DANIEL TENNY
BRIAN J. SPRINGER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7215*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, D.C. 20530*
  *(202) 514-1838*
  *daniel.tenny@usdoj.gov*

# REPLY IN SUPPORT OF EMERGENCY MOTION FOR IMMEDIATE ADMINISTRATIVE STAY AND STAY PENDING APPEAL

Plaintiffs oppose the government's request for an administrative stay, but they provide no defense of the sweeping order that the district court issued yesterday. Instead, they defend the order issued on January 31, ignoring that the district court purported to "enforce" it by adding draconian and indefensible terms. At an absolute minimum, this Court should immediately stay the order that plaintiffs cannot bring themselves to defend.

Most glaringly, plaintiffs suggest that "[t]o the extent the Court identifies any ambiguity in the February 10, 2025 order, the Court should clarify that the TRO does not stop defendants from limiting access to funds without any 'preclearance' from the district court, 'on the basis of the applicable authorizing statutes, regulations, and terms,' as the TRO states." Opp'n 9. The February 10 order states that "[t]he Defendants must immediately end any federal funding pause during the pendency of the TRO," and provides that defendants "can request targeted relief from the TRO from this Court where they can show a specific instance where they are acting in compliance with this Order but otherwise withholding funds due to specific authority." Dkt. No. 96, at 4. Thus, even if the original order allowed some exercise of agency authority without permission from the district court, the order purporting to enforce it does not. Plaintiffs' willingness to have this Court "clarify" that this

aspect of the district court's sweeping order from yesterday should not stand underscores the need for immediate relief.

Plaintiffs' remaining arguments are all premised on their refusal to come to grips with the unjustifiable order that the district court issued yesterday. They complain that the government has failed to comply with Federal Rule of Appellate Procedure 8, which provides that "[a] party must ordinarily move first in the district court" for a stay pending appeal, unless doing so "would be impracticable." Fed. R. App. P. 8(a)(1), (a)(2)(A)(i). Here, although there was a plausible argument that moving first in the district court would be impracticable given the dire need for immediate relief, the government did move first in the district court, after having earlier requested a stay and been denied one, Dkt. No. 49, at 6. The rule does not require waiting for the district court to rule, particularly when the court's order creates such sweeping, immediate, and irreparable harm. Plaintiffs do not explain what the government should have done differently.

Plaintiffs' argument that the district court's order is not subject to immediate appeal exclusively discusses the district court's January 31 order, and not the one issued yesterday that purported to enforce it. Their arguments are mistaken on their own terms; it is very much "an injunction masquerading as a TRO," Opp'n 3 (quotation marks omitted), to superintend for a period of weeks the full gamut of federal funding by numerous federal agencies in the guise of litigation about a now-rescinded memorandum. But even if the original order could be described as a

temporary restraining order, the extraordinary imposition on the Executive Branch posed by the new one cannot. And the February 10 order in any event would call for the exercise of mandamus authority, as plaintiffs' refusal to defend it illustrates.

Plaintiffs' argument on the equities entirely ignores the circumstances that gave rise to the February 10 order. That order was issued because defendant agencies were doing precisely what plaintiffs now assert the government is still allowed to do: no longer apply the OMB memorandum that was challenged in this case, but withhold funding in specific instances based on other considerations in accord with each agency's own authority. *See* Dkt. No. 70, at 6-14.

The district court did not explain why each of those individualized decisions was unlawful—much less a violation of the original order—and instead invited the government to "request targeted relief" from the district court if it had "specific authority" that justified withholding funds. Dkt. No. 96, at 4. As noted, plaintiffs do not even attempt to defend this state of affairs. It is self-evidently unworkable for the defendant agencies to be required to seek targeted relief from the district court every time they wish to withhold funds based on their own authorities. As noted above, plaintiffs' willingness to "clarify" that this is not the case makes abundantly clear that immediate relief from this Court is warranted.

## CONCLUSION

For the foregoing reasons and those stated in our motion, the Court should grant an immediate administrative stay of the district court's order.

Respectfully submitted,

BRETT A. SHUMATE
  *Acting Assistant Attorney General*

ZACHARY A. CUNHA
  *United States Attorney*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

<u>s/ Daniel Tenny</u>
DANIEL TENNY
BRIAN J. SPRINGER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7215*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, D.C. 20530*
  *(202) 514-1838*
  *daniel.tenny@usdoj.gov*

FEBRUARY 2025

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing reply complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because the motion contains 741 words. The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word 2016 in proportionally spaced 14-point Garamond typeface.

/s/ *Daniel Tenny*
DANIEL TENNY

# CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Daniel Tenny*
DANIEL TENNY